IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                                                                                                             ORDER

                 Plaintiff,

                                                                                                            20-cv-415-bbc

      v.

DANIEL VANDERWERFF, DANIEL UNESKI,
KRISTOPHER KAMINSKI AND DAVID HESS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Samterious Gordon alleges that defendant Officer Daniel Vanderwerff activated the stun cuff on plaintiff's ankle while transporting plaintiff from federal court, in retaliation for plaintiff's filing of a federal lawsuit against prison staff. Plaintiff alleges that three other correctional officers watched and laughed at Vanderwerff's actions without intervening. Plaintiff is proceeding on claims under the First and Eighth Amendments. He has filed several motions that are now before the court.

      First, plaintiff has filed a motion to amend his complaint, dkt. #14, stating that he wants to replace defendant Kristopher Kaminski with Officer Michael Schultz. He states that he has learned that it was Schultz, not Kaminski, who was involved in transporting him from the federal court. I will grant the motion.

      Second, plaintiff has filed a motion to amend his complaint to add a products liability claim against the company that designed the stun device. Dkt. #15. That motion will be denied. A federal court can exercise supplemental jurisdiction over a state law claim, such

1

as a products liability claim, that is part of the same case or controversy as the federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(a). However, plaintiff's products liability claim is not part of the same case or controversy as his constitutional claims against defendants. His constitutional claims concerns whether defendant Vanderwerff intended to harm plaintiff, whether the other officers could have intervened and whether the defendants were acting in retaliation for plaintiff's exercise of his First Amendment rights. A products liability claim would concern the design and manufacturing of the stun belt. These claims are not sufficiently related that they should proceed together in the same lawsuit.

Third, plaintiff filed a motion requesting that the U.S. Marshal's Service provide a copy of the video footage from the holding cell at the federal court in Madison where plaintiff was held on January 6, 2020. The court has learned that defendants' counsel has obtained a copy of the video in question. However, before I consider whether to require defendants' counsel to arrange for plaintiff to view the video footage, I will give defendants and the U.S. Marshal's Service the opportunity to respond to plaintiff's request. After receiving their responses, I will consider whether plaintiff should be permitted to view the video and if so, determine the most efficient way to arrange a viewing.

Fourth, plaintiff has asked the court to recruit counsel to represent him in this case. Dkt. #16. A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir.

2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, the pro se litigant must show that he has made reasonable efforts on his own to find a lawyer to represent him. Plaintiff has satisfied this requirement by identifying several lawyers who have declined to represent him in this case.

Third, plaintiff must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide in each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests. McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020).

Plaintiff says that he needs a lawyer to help him obtain evidence to prove that his injuries were caused by the stun belt activated by defendant Vanderwerff. He also says that he has been receiving help from another inmate who moved to a different institution. However, I am not persuaded that plaintiff needs the assistance of counsel to litigate this

case. This case does not appear to be complex. Plaintiff's suit raises a discrete question about whether defendants violated his rights by activating a stun gun in retaliation for his filing a lawsuit against prison staff. Plaintiff was present for the relevant event and can testify about his recollection of events and about his injuries. Plaintiff's submissions thus far suggest that he is intelligent, understands the law and is capable of explaining his version of events and making legal arguments. In addition, I explained the law governing plaintiff's claims in the screening order. Dkt. #6. Plaintiff's job going forward will be to apply the facts to the legal framework provided. Plaintiff appears capable of doing that.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year nearly 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2018 and 2019, for example, the court was able to find approximately 18 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must

4

carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

I will deny plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that

1. Plaintiff Samterious Gordon's motion to amend his complaint to replace defendant Kristopher Kaminski with Officer Michael Schultz, dkt. #14, is GRANTED.

2. Plaintiff's motion to amend his complaint to add a products liability claim and to compel discovery, dkt. #15, is DENIED with respect to plaintiff's request to add a products liability claim. The court RESERVES a decision on whether plaintiff may review video footage from the U.S. Marshal's holding cell.

3. Defendants and the U.S. Marshal's Service may have until March 23, 2021 to respond to plaintiff's discovery request, if they choose to do so. The clerk of court is directed to send a copy of this order to the U.S. Marshal's Service.

4. Plaintiff's motion for court assistance in recruiting counsel, dkt. #16, is DENIED without prejudice.

Entered this 9th day of March, 2021.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      BARBARA B. CRABB
                                      District Judge