IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                           Plaintiff,

     v.

DANIEL VANDERWERFF, DANIEL UNESKI,
MICHAEL SCHULTZ AND DAVID HESS,

                           Defendants.

ORDER

20-cv-415-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In a previous order, I granted defendants' motion for summary judgment on plaintiff Samterious Gordon's claims that defendant Officer Daniel VanderWerff used an electronic stun device to hurt him while three other correctional officers watched and laughed at VanderWerff's actions without intervening. Dkt. #59. I concluded that plaintiff's allegations were refuted by video footage from the federal courthouse showing the alleged incident. Now plaintiff has filed a motion for reconsideration. Dkt. #63. He argues that the court should have sanctioned defendants for failing to preserve video footage that would have shown VanderWerff's demeanor when he talked to plaintiff at the courthouse. He also argues that there are disputed issues of fact regarding whether VanderWerff placed a hot stun device on his leg, and that the court should have permitted him to proceed on negligence claims against defendants.

     I will deny plaintiff's motion. As I explained in depth in the previous order, plaintiff has presented no evidence that defendants altered the video footage or that they were

1

responsible for any failure to preserve footage. Dkt. #59 at 2. In addition, plaintiff has not identified any genuine disputes of material fact that would prevent summary judgment in defendants' favor. The video footage of the incident shows VanderWerff attaching the Band-it device to plaintiff's ankle, plaintiff's lack of response or emotion after the device is attached, and plaintiff's sitting calmly in his cell for an hour afterward. The video evidence clearly refutes plaintiff's claim that VanderWerff attached a scalding hot device to his leg that caused him severe pain. Horton v. Pobjecky, 883 F.3d 941, 944 (7th Cir. 2018) ("When video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage.").

The court also did not err in denying plaintiff's request to add state law negligence claims to his case. As I explained previously, it is the general rule that federal courts should dismiss state law claims if all of the federal claims are resolved before trial. Because I granted summary judgment to defendants on all of plaintiff's federal claims, it was appropriate to deny his request to add state law claims to the case. Coleman v. City of Peoria, Illinois, 925 F.3d 336, 352 (7th Cir. 2019) (federal court should relinquish supplemental jurisdiction over state-law claims if all federal claims are resolved before trial).

ORDER

IT IS ORDERED that plaintiff Samterious Gordon's motion for reconsideration, dkt. #63, is DENIED.

Entered this 6th day of January, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge